IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NELSON NAHINU WAIKIKI, JR., #A4000254, | ) ) ) | CIVIL NO. 20-00308 JAO-RT |
| | ) | ORDER DENYING PETITION FOR |
| Petitioner, | ) | WRIT OF HABEAS CORPUS AND |
| | ) | CERTIFICATE OF APPEALABILITY |
| vs. | ) | |
| | ) | |
| DONALD TRUMP, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY

Pro se Petitioner Nelson Nahinu Waikiki, Jr. ("Petitioner"), who is incarcerated at the Waiawa Correctional Facility, seeks a Writ of Habeas Corpus for release from the custody of the State of Hawai'i.  Pet., ECF No. 1.  Petitioner alleges that the State of Hawai'i and the United States lack jurisdiction over him because he is a sovereign citizen of the Hawaiian Kingdom.  The Court construes the Petition as brought pursuant to 28 U.S.C. § 2254, and DENIES it as frivolous. Any request for a certificate of appealability is DENIED.

### I. THE PETITION

The Petition states in pertinent part:

**Hawaiian Kingdom Governance Authority / HKGA**

Under the authority of Hawaiian Kingdom Law:  Declaration of Rights 1839, the UNITED STATES CONSTITUTION, and the Law of Nations.  All "laws" that are repugnant to Hawaiian Kingdom and US Constitutional law are <u>null and void.</u>  We the People, respectfully <u>require</u> the individuals mentioned above to <u>honor your oath</u>.
**US CONSTITUTION Article 6 Clause 2 Supremacy of Treaties**
(Hague + Geneva Conventions)

Hawaii's true status and Law is clarified and confirmed.  Hawaiian Kingdom continues to be under an illegal 127 year US occupation.  The time has come, to peacefully and intelligently correct this ongoing international injury.
HKGA is a provisional governance authority for the Hawaiian Kingdom:  Ko Hawaii Pae 'Aina.
By what lawful and verifiable claim does the United States continue to hold captive our beloved konohiki and Hawaiian national?

**<u>You have 20 days from confirmation of service to respond to this lawful notice in writing.</u>**  We need to coordinate the release of **Nelson Nahinu Waikiki Jr.** unto Hawaiian Kingdom custody.  Nation to nation settlement forthcoming.

ECF No. 1 at 1.  The Petition is signed by Petitioner and eight others under

"#HKGA 4-23-20A / Hawaiian Kingdom Governance Authority."  *Id.*

## II.  <u>LEGAL STANDARD</u>

A federal court may deny a habeas petition on the merits, before requiring a

respondent to answer, "when it is perfectly clear that the applicant does not raise

even a colorable federal claim."  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.

2005) (adopting the standard set forth in *Granberry v. Greer*, 481 U.S. 129, 135

virtue of this putative citizenship. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Sovereign Kingdom of Hawaii); *Kupihea v. United States*, Civ No. 09-00311 SOM/KSC, 2009 WL 2025316, at *2 (D. Haw. July 10, 2009) (dismissing complaint seeking release from prison on the basis that plaintiff is a member of the Kingdom of Hawaii and noting that such basis is "patently frivolous").

Hawaiʻi state courts similarly reject claims premised on the alleged sovereignty of the laws of the Territory or Kingdom of Hawaiʻi, finding that the Kingdom of Hawaiʻi is no longer recognized as a sovereign state by either the United States or the State of Hawaiʻi. *See State v. Kaulia*, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) ("Individuals claiming to be citizens of the [Hawaiian] Kingdom and not of the State are not exempt from application of the State's laws." (citations omitted)); *State v. French*, 77 Hawaiʻi 222, 228, 883 P.2d 644, 650 (App. 1994) ("[T]here is no factual (or legal) basis for concluding that the Hawaiian Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature." (internal quotation marks, brackets, and citation omitted)).

Petitioner is clearly subject to the criminal laws of the State of Hawaiʻi and

the United States. *See Lorenzo*, 995 F.2d at 1456 (rejecting defendants' claim that they were nationals of the Sovereign Kingdom of Hawaii and therefore not subject to the jurisdiction of the district court); *see also United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as frivolous assertion that appellants are citizens of only "the Republic of Minnesota" and not citizens of the United States); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting as "frivolous" defendant's argument that he is a "freeman," and thus, not subject to the court's jurisdiction).

Petitioner's argument that the State of Hawaiʻi and the United States lack jurisdiction over him because he is a sovereign citizen of the Hawaiian Kingdom is legally frivolous. Petitioner fails to show that his conviction violated the Constitution, laws, or treaties of the United States and his Petition is subject to dismissal. *See* 28 U.S.C. § 2254(a).

## IV. **CONCLUSION**

The Petition is DENIED with prejudice as patently frivolous and for failure to state any claim on which relief can be granted. Consequently, Petitioner cannot demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" or that this decision was procedurally incorrect, and any request for a certificate of appealability is

DENIED.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is DIRECTED to close the case and terminate the action.  Any pending motions are DISMISSED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, July 28, 2020.



Jill A. Otake
United States District Judge

*Waikiki v. Trump, et al.*, Civ. No. 20-00308 JAO-RT; Order Denying Petition for Writ of Habeas Corpus and Certificate of Appealability; Hab 2020 (dny pet and COA, Haw'n Sov. friv)